# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELODIA AVILA, | DOCKET NUMBER |
| Appellant, | SF-844E-24-0319-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: July 28, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elodia Avila, Selma, California, pro se.

Eva Ukkola and Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for disability retirement under the Federal Employees' Retirement System (FERS).  For the reasons set forth below, the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The administrative judge issued an initial decision on November 18, 2024, affirming OPM's reconsideration decision denying the appellant's application for disability retirement under FERS.  Initial Appeal File (IAF), Tab 20, Initial Decision (ID).  The initial decision advised the appellant that the deadline to file a petition for review was December 23, 2024, and provided information as to how to file a petition for review.  ID at 16-19.

On June 10, 2025, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board acknowledged the Board's receipt of the petition for review and advised the appellant that it was filed after the December 23, 2024 deadline, and that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2 at 1-2.  The appellant responded, acknowledging that her petition for review was untimely filed and arguing that it was untimely because of her medical condition.  PFR File, Tab 3 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the date of the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  *Palermo v. Department of the Navy,* 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).  The record reflects that the initial decision was served electronically by email on the appellant, who had registered as an e-filer, on November 18, 2024, the date it was issued.  ID at 1, 24; *see* 5 C.F.R. § 1201.14(*l*)(2) (providing that Board documents served electronically on e-filers are deemed received on the date of electronic

submission). The appellant does not argue otherwise. Thus, the deadline for filing a petition for review was December 23, 2024, the 35th day after the date of issuance of the initial decision. ID at 16; *see* 5 C.F.R. § 1201.114(e). However, the appellant filed a petition for review on June 10, 2025, over 5 months untimely. PFR File, Tab 1.

On review, the appellant merely alleges that her petition for review was untimely due to her medical disability but offers no additional explanation or documentation to support her claim. PFR File, Tab 3 at 1. The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(f)-(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Applying these factors, we find that the appellant has not shown good cause for her filing delay. Notwithstanding the appellant's pro se status, her more than 5-month delay in filing a petition for review is significant. *See Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a delay of more than 1 month to be significant despite an appellant's pro se status). To the extent the appellant is arguing that her medical condition precluded her from timely filing her petition or requesting an extension of time within which to do so, we find her argument unavailing. As discussed above, the Office of the Clerk of the Board explained to the appellant that she must provide the Board with

specific information to show good cause for an untimely filing on the basis of illness. PFR File, Tab 2 at 5 n.1. Here, the appellant did not provide any medical evidence or otherwise allege or show that she was hospitalized, under treatment, or otherwise incapacitated for the period between November 18, 2024, the date she received the initial decision, and December 23, 2024, the deadline for timely filing her petition for review. *See Cornelius v. National Credit Union Administration*, 87 M.S.P.R. 497, ¶ 8 (2001) (finding that an appellant failed to establish that his untimely filing was the result of a medical condition when he provided evidence of past medical problems but failed to demonstrate that he was hospitalized, under treatment, or otherwise incapacitated during the relevant timeframe). Nor did the appellant provide evidence regarding the more than 5-month period of delay between December 23, 2024, and June 10, 2025. *See id.* Thus, we find that the appellant has failed to demonstrate good cause for her untimely filing on the basis of illness. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding OPM's reconsideration decision denying the appellant's application for disability retirement under FERS.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits andrequirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.